IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-02062-PAB-STV

JACOB BELLINSKY,

    Plaintiff,

v.

PHILIP JACOB WEISER, in both his official and individual capacities as Attorney General of the State of Colorado, et al.,

    Defendants.

## ORDER

This matter comes before the Court on plaintiff's Motion for Emergency Temporary Restraining Order Pursuant to Fed. R. Civ. P. 65(b) and D.C.COLO.LCivR 7.1(d) [Docket No. 25].

### I. BACKGROUND

Mr. Bellinsky filed this case on July 3, 2025. Docket No. 1. On September 3, 2025, Mr. Bellinsky filed an amended complaint that asserts the following claims: (1) "Monell Liability for Unconstitutional Customs, Practices, and Failure to Train"; (2) "First Amendment Retaliation;" (3) "Fourteenth Amendment Due Process Violations;" (4) "Equal Protection Violations;" (5) "Unconstitutional Conditions Doctrine – Abuse of Title IV-D Mechanisms;" (6) "Fraud Upon the Court/Abuse of Process;" (7) "Obstruction and Retaliation;" (8) "Denial of Access to Court/Redress Clause Violation;" (9) "Failure to Train and Supervise;" (10) "Unlawful Seizure of Property and Funds;" (11) "Parental Rights/Construction Termination of Custody Without Due Process;" (12) "Takings

Clause Violation;" (13) "Declaratory Judgment Act – Void Orders & Federal Preemption;" (14) "Violation of Title II of the Americans with Disabilities Act;" and (15) "Violation of Title V of the Americans with Disabilities Act."  Docket No. 24 at 68-105.

Mr. Bellinsky's claims arise out of the "unlawful enforcement of facially void maintenance and child support orders by Defendants acting under color of state law." *See id.* at 3, ¶ 5.  He seeks "declaratory and injunctive relief . . . to restrain Defendants from enforcing void judgments, retaliation against Plaintiff, and continuing to operate state Title IV-D enforcement mechanisms in knowing violation of federal and constitutional law."  *See id*.  Mr. Bellinsky brings claims against "state judges, county attorneys, child support enforcement officers, and supervisory agency heads."  *See id.*

## II. ANALYSIS

Mr. Bellinsky's motion fails to comply with D.C.COLO.LCivR 65.1, which states in relevant part:

> (a) Motion.  A temporary restraining order shall be requested by motion filed separately from the complaint.  The motion shall be accompanied by a certificate of counsel or an unrepresented party, stating:
>
> (1) that actual notice of the time of filing the motion, and copies of all pleadings and documents filed in the action to date or to be presented to the court at the hearing, have been provided to opposing counsel and any unrepresented adverse party; or
>
> (2) the efforts made by the moving party to provide the required notice and documents.  Except as provided by Fed. R. Civ. P. 65(b)(1), the court shall not consider an ex parte motion for temporary restraining order.

D.C.COLO.LCivR 65.1(a).

Thus, in order to comply with Local Rule 65.1, Mr. Bellinsky needs to include a certificate stating that he notified the defendants of his motion and gave opposing counsel a copy of all pleadings that have been filed in this action to date.  And if Mr.

2

Bellinsky is seeking issuance of an ex parte temporary restraining order ("TRO"), he must comply with Fed. R. Civ. P. 65(b)(1), which requires a party seeking a TRO to set forth "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and certify "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Mr. Bellinsky makes the following representations in his "Certificate of Notice/Conferral":

> Under D.C.COLO.LCivR 7.1(d), contemporaneous conferral is impracticable given the immediacy of harm (ongoing collections, license suspension, and retaliatory escalation). Plaintiff will serve all named Defendants with this Motion, the operative Amended Complaint, and the Proposed Order to Show Cause immediately upon filing and will promptly provide notice of any hearing set by the Court.

Docket No. 25 at 9.

Mr. Bellinsky makes the following statement in his "Certificate of Service":

> I hereby certify that on September 3, 2025, I filed the foregoing MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER PURSUANT TO FED. R. CIV. P. 65(b) AND D.C.COLO.LCivR 7.1(d) electronically via the CM/ECF system. Because this Motion and Proposed Order to Show Cause addresses emergency constitutional relief, it is properly before the Court regardless of service status on Defendants.

*Id.* at 11.

### A. Compliance with Local Rule 65.1(a)(1)

Mr. Bellinsky's certificate says that he "will serve" the defendants with copies of the TRO motion and the amended complaint. *Id*. at 9. However, Local Rule 65.1 requires that Mr. Bellinsky give actual notice of when he filed the TRO motion and provide "copies of all pleadings and documents filed in the action to date" to defendants.

3

D.C.COLO.LCivR 65.1(a)(1).  In other words, Mr. Bellinsky needed to have done those things *before* filing his TRO motion.  Therefore, Mr. Bellinsky has not complied with Local Rule 65.1(a)(1).

### B. Federal Rule of Civil Procedure 65(b)(1)

In the event a plaintiff seeks an ex parte TRO, the plaintiff must comply with Local Rule 65.1(a)(2), which requires that, "[e]xcept as provided by Fed. R. Civ. P. 65(b)(1), the court shall not consider an ex parte motion for temporary restraining order."  D.C.COLO.LCivR 65.1(a)(2).  A court may issue an ex parte TRO only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  Although Mr. Bellinsky's amended complaint is verified, *see* Docket No. 24 at 108, Mr. Bellinsky fails to identify specific facts that show immediate and irreparable injury will occur before the "adverse party can be heard in opposition."  Mr. Bellinsky alleges vague claims that he faces irreparable harm based on defendants' suspension of his driver's license, speculation that defendants will retaliate in response to his demand for accommodations under the Americans with Disabilities Act and for filing this case, his continued separation from his children, and a Colorado state court judgment finding that he has a balance due for unpaid child and spousal support.  *See generally* Docket No. 24; *see also* Docket No. 25 at 6-7.  However, none of these cited harms show that Mr. Bellinsky will suffer imminent, irreparable harm resulting from defendants' actions if a TRO is not issued before the Court can hold a hearing on his motion attended by counsel for defendants.  *See Montana Wyoming State Area Conf. of NAACP v. United States Election Integrity*

4

*Plan*, No. 22-cv-00581-PAB, 2022 WL 1061906, at *3 (D. Colo. Apr. 8, 2022) (citing *Tijuanas Produce, Inc. v. Shorty's Produce, Inc.*, No. 18-cv-00587-PAB, 2018 WL 1952600, at *1 (D. Colo. Mar. 29, 2018)). Mr. Bellinsky's argument that he is entitled to an ex parte TRO because there is an "immediacy of harm," *see* Docket No. 25 at 9, "would justify every plaintiff asking for a TRO since getting the plaintiff's requested relief earlier rather than later is advantageous," which "does not demonstrate exigency" for purposes of granting a TRO. *Vollmer v. Univ. of N. Colorado*, No. 23-cv-02164-PAB-SKC, 2023 WL 5671495, at *2 (D. Colo. Sept. 1, 2023). Therefore, Mr. Bellinsky fails to comply with Fed. R. Civ. P. 65(b)(1)(A).

Mr. Bellinsky also fails to certify any efforts to give notice to defendants or provide reasons why notice should not be required pursuant to Fed. R. Civ. P. 65(b)(1)(b). Mr. Bellinsky merely states in his certificates that there is an "immediacy of harm" that makes "contemporaneous conferral . . . impracticable" and that the "emergency constitutional relief" he seeks means that his motion is "properly before the Court regardless of service status on Defendants." *See* Docket No. 25 at 9, 11. As explained above, an alleged "immediacy of harm" does not establish an exigency that warrants a TRO, let alone an ex parte TRO. The fact that conferral is "impracticable" does not show that harm would occur to Mr. Bellinsky absent issuance of an ex parte TRO or that providing notice would result in a specified harm to Mr. Bellinsky. Furthermore, Mr. Bellinsky cites no authority for the proposition that seeking "emergency constitutional relief" is a reason that notice should not be given to defendants.

Because Mr. Bellinsky fails to comply with D.C.COLO.LCivR 65.1(a) and Fed. R. Civ. P. 65(b)(1), the Court will deny his motion for a temporary restraining order.

### III. CONCLUSION

Therefore, it is

**ORDERED** that plaintiff's Motion for Emergency Temporary Restraining Order Pursuant to Fed. R. Civ. P. 65(b) and D.C.COLO.LCivR 7.1(d) [Docket No. 25] is **DENIED without prejudice**.

DATED September 5, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge