IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-02062-PAB-STV

JACOB BELLINSKY,

    Plaintiff,

v.

PHILIP JACOB WEISER, in both his official and individual capacities as Attorney General of the State of Colorado, et al.,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 48]. Defendants the Board of County Commissioners of Elbert County, Elbert County Department of Human Services, Jeffrey C. Koy, Darcy Bolding, and Brandi M. Snelling (collectively, the "Elbert County Defendants") filed a response. Docket No. 52. Defendants Terri Meredith, Bryce David Allen, Lindsay Vangilder, Jeffrey R. Pilkington, Brian Dale Boatright, Monica Márquez (collectively, the "Judicial Defendants") and Colorado Attorney General Philip Jacob Weiser filed a response. Docket No. 53. Defendants Larry Desbien and Amanda Stone (collectively, the "Colorado Department of Human Services ('CDHS') Defendants") also filed a response. Docket No. 54.

**I.   BACKGROUND**

In 2016, Mr. Bellinsky was ordered to pay monthly child support and spousal maintenance payments to his ex-wife by the District Court of Gilpin County, Colorado in

Case No. 2015DR7.  *See* Docket No. 24 at 82, ¶ 293; Docket No. 52 at 4, ¶ 3; Docket No. 53 at 2; Docket No. 54 at 2.  On July 14, 2025, the Gilpin County Court entered an order finding that Mr. Bellinsky owed arrears in the amount of $44,757.30 for failing to pay child and spousal support for the period of August 1, 2015 to July 31, 2022.  Docket No. 24 at 36, 97, ¶¶ 96, 377; Docket No. 53 at 2.

Mr. Bellinsky filed this case on July 3, 2025.  Docket No. 1.  On September 3, 2025, Mr. Bellinsky filed an amended complaint that asserts the following claims: (1) "Monell Liability for Unconstitutional Customs, Practices, and Failure to Train"; (2) "First Amendment Retaliation;" (3) "Fourteenth Amendment Due Process Violations;" (4) "Equal Protection Violations;" (5) "Unconstitutional Conditions Doctrine – Abuse of Title IV-D Mechanisms;" (6) "Fraud Upon the Court/Abuse of Process;" (7) "Obstruction and Retaliation;" (8) "Denial of Access to Court/Redress Clause Violation;" (9) "Failure to Train and Supervise;" (10) "Unlawful Seizure of Property and Funds;" (11) "Parental Rights/Construction Termination of Custody Without Due Process;" (12) "Takings Clause Violation;" (13) "Declaratory Judgment Act – Void Orders & Federal Preemption;" (14) "Violation of Title II of the Americans with Disabilities Act;" and (15) "Violation of Title V of the Americans with Disabilities Act."  Docket No. 24 at 68-105.

Mr. Bellinsky's claims arise out of the "unlawful enforcement of facially void maintenance and child support orders by Defendants acting under color of state law" in Case No. 2015DR7.  *See id.* at 3, ¶ 5.  He seeks "declaratory and injunctive relief . . . to restrain Defendants from enforcing void judgments, retaliation against Plaintiff, and continuing to operate state Title IV-D enforcement mechanisms in knowing violation of federal and constitutional law."  *See id.*  Mr. Bellinsky brings claims against "state

2

judges, county attorneys, child support enforcement officers, and supervisory agency heads." *See id.*

## II. ANALYSIS

To succeed on a motion for a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984). The same considerations apply to the issuance of a temporary restraining order. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

The Court first considers whether Mr. Bellinksy has shown that he will face irreparable harm absent preliminary relief. "Because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements . . . will be considered." *Dominion Video Satellite, Inc. v. Echostar*

*Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citation omitted). "The party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (citation and alteration omitted). "Irreparable harm is not harm that is 'merely serious or substantial.'" *Id*. (quoting *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001)).

Mr. Bellinsky seeks a temporary restraining order enjoining "executive enforcement conduct" related to his child and spousal support obligations ordered by the Gilpin County Court in Case No. 2015DR7. *See* Docket No. 48 at 3, ¶ 8. Mr. Bellinsky claims that he will be irreparably harmed absent preliminary relief because he faces "imminent, recurring injuries that cannot be remedied by money damages and that will recur on a predictable cadence." *Id.* at 10, ¶ 29. Specifically, Mr. Bellinsky argues that the "ongoing suspension" of his driver's license "restricts access to medical care, employment consistent with limitations, and religious observance." *Id.* Mr. Bellinsky states that "each new/updated report" generated by Experian credit reporting services, showing his unpaid child and spousal support payments, is a "new derogatory publication, harming housing and employment prospects." *Id.* Mr. Bellinsky claims that the recurring, monthly payments that he owes constitute irreparable harm and that "enforcement events aggravate functional limitations" due the defendants' alleged denial of accommodations under the Americans with Disabilities Act. *See id*. at 8-10, ¶¶ 28-29.

The Court finds that Mr. Bellinsky fails to show irreparable harm.  As an initial matter, Mr. Bellinsky's claims of imminent, irreparable harm are belied by the fact that he has had child and spousal support obligations since 2016.  Docket No. 24 at 82, ¶ 293; Docket No. 52 at 4, ¶ 3; Docket No. 53 at 2; Docket No. 54 at 2.  Yet, Mr. Bellinsky did not move for a temporary restraining order, seeking to stay the harms that allegedly flow from his failure to make child and spousal support payments, until 2025.  *See* Docket No. 48.  As Mr. Bellinsky acknowledges, child and spousal support have been recurring obligations.  *See id*. at 10, ¶ 29.  Mr. Bellinsky's driver's license has been suspended for approximately three years due to unpaid child and spousal support.  *See* Docket No. 48-1 at 22; *see Ratches v. Guerrera*, 2025 WL 1411409, at *6 (D. Conn. May 15, 2025) ("Plaintiff's delayed action to seek relief for the asserted constitutional violations arising from his driver's license suspension also supports the Court's conclusion that he is not subject to any imminent irreparable harm.").  A delay in seeking relief can "justify the denial of a preliminary injunction" and "undercuts a finding of irreparable harm."  *See Colo. Motor Carriers Ass'n v. Town of Vail*, 2025 WL 2486645, at *9 (10th Cir. Aug. 29, 2025) (citation omitted); *see also Montana Wyoming State Area Conf. of NAACP v. United States Election Integrity Plan,* No. 22-cv-00581-PAB, 2022 WL 1061906, at *5 (D. Colo. Apr. 8, 2022) ("Waiting three months to file this lawsuit and seek a TRO, however, is not consistent with plaintiffs' allegations that they are facing imminent harm."); *GTE Corp. v. Williams*, 731 F.2d 676, 679 (10th Cir. 1984) ("delay is an important consideration in the assessment of irreparable harm for purposes of a preliminary injunction"); *A.K. by & through Moyer v. Cherry Creek Sch. Dist. No. 5*, No. 20-cv-00392-PAB-NRN, 2020 WL 2197920, at *3 n.1 (D. Colo. May 6,

5

2020) ("the Court finds that the delay in seeking injunctive relief cuts against plaintiff's assertions of imminent irreparable harm"); *Am. Ass'n of People With Disabilities v. Herrera*, 580 F. Supp. 2d 1195, 1246 (D.N.M. 2008) (finding that plaintiffs' two-week delay from filing lawsuit to seeking preliminary injunction "considerably undercut[ ] their allegation of irreparable harm"); *Heideman*, 348 F.3d at 1189 ("the party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." (citation omitted)); *Found. Learning LLC v. Acad., Arts & Action Charter Acad.*, No. 17-cv-03182-RM-KLM, 2018 WL 3382933, at *3 (D. Colo. May 18, 2018) (waiting three months to file motion for emergency injunctive relief without explanation "strongly undermines plaintiff's suggestion that the moment of maximum harm is now at hand").  The Court finds that Mr. Bellinsky fails to demonstrate irreparable harm.

Even if Mr. Bellinsky had not delayed in seeking injunctive relief, the Court finds that he nonetheless fails to demonstrate imminent, irreparable harm if relief is not granted.  Regarding the continued suspension of Mr. Bellinsky's driver's license, Mr. Bellinsky fails to show that there is a "*significant risk* that he . . . will experience harm that cannot be compensated after the fact by monetary damages."  *Flowers*, 321 F.3d at 1258 (citation omitted).  Mr. Bellinsky claims that the revocation of his driving privileges will restrict his "access to medical care, employment consistent with limitations, and religious observance."  Docket No. 48 at 10, ¶ 29.  Mr. Bellinsky's speculation about such generalized harms, devoid of factual support, is insufficient to show irreparable harm.  *See Siegal*, 552 F.3d at 1210 (holding that "[p]urely speculative harm will not suffice" to show irreparable harm); *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1267 (10th

6

Cir. 2005) ("The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance."); *see also Muvvala v. Wolf*, 2020 WL 5748104, at *5 (D.D.C. Sept. 25, 2020) ("Although one can certainly imagine an instance where the movant's ability to drive is so necessary to her daily life or the health and well-being of her family that having the privilege removed would result in irreparable harm, Plaintiffs have proffered no such facts here."). The alleged harms that may arise from negative credit reports are also speculative. Mr. Bellinsky claims, that with each "[f]resh credit publication," he is suffering from a "derogatory publication, harming housing and employment prospects." *See* Docket No. 48 at 10, ¶ 29. But Mr. Bellinsky provides no evidence that negative credit reports have prevented him from obtaining housing or employment. Rather, he simply speculates that the credit reports may impact his "prospects" of getting employment or housing in the future. Regarding monthly child and spousal support payments, *see id.*, it is "well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages." *Schrier*, 427 F.3d at 1267 (citation omitted). Mr. Bellinsky claims that enforcement of his child and spousal support obligations "aggravate functional limitations," such as "memory, concentration, working, stress response, [and] sleep." *See* Docket No. 48 at 10, ¶ 29. Mr. Bellinsky, however, provides no factual allegations to support these assertions. He does not show that such harms are more than "merely serious or substantial" or that they are of "such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *See Heideman*, 348 F.3d at 1189; *see also Edward v. Dubrish*, No. 07-cv-02116-REB-KMT, 2009 WL 598336, at

*2 (D. Colo. Mar. 6, 2009) (holding that the plaintiff failed to prove that "emotional stress and mental anguish" is "irreparable" and "certain, great, actual and not theoretical") (internal quotations and citation omitted); *Reid v. I.R.S.*, No. 93-cv-01972-SGF, 1993 WL 655028, at *2 (D. Colo. Nov. 8, 1993) ("Plaintiffs, while alleging that they are suffering emotional distress because of the IRS's actions in pursuing the collection of their overdue taxes by way of liens and wage garnishment, have not established that they will suffer irreparable harm as required under the law.").

Because Mr. Bellinsky fails to show a likelihood that he will suffer irreparable harm absent preliminary relief, the Court will deny his motion.[1]

## III. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 48] is **DENIED**.

DATED October 29, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[1] *State v. EPA*, 989 F.3d 874, 890 (10th Cir. 2021) ("When the failure to satisfy one factor is dispositive, a court need not consider the other factors."); *Fasi v. HSBC Bank USA, N.A.*, No. 12-cv-03290-PAB-MJW, 2013 WL 50434, at *3 (D. Colo. Jan. 3, 2013) ("The Court need not reach the other factors of the inquiry because, absent a showing of irreparable harm, Ms. Fasi does not provide sufficient support for issuance of injunctive relief." (citing *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1172 (7th Cir. 1997) ("a plaintiff who cannot show any irreparable harm at all from the withholding of a preliminary injunction is not entitled to the injunction however strong his case on the merits, for he has no need for preliminary relief in such a case, no need therefore to short circuit the ordinary processes of the law.")).