IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-02062-PAB-STV

JACOB BELLINSKY,

    Plaintiff,

v.

PHILIP JACOB WEISER, in his official capacity as Attorney General of the State of Colorado, et al.,

    Defendants.

---

**ORDER**

---

This matter comes before me on plaintiff's Consolidated Objections Under Fed. R. Civ. P. 72(a) [Docket No. 23], wherein plaintiff objects to my orders denying plaintiff's motion for recusal, Docket No. 16, denying plaintiff's motion for a ruling on his motion for a temporary restraining order ("TRO"), Docket No. 17, and denying plaintiff's motion to transfer venue, Docket No. 18, (collectively, the "July 21 orders"). *See* Docket No. 23 at 1. Plaintiff also objects to the magistrate judge's order denying plaintiff's motion for recusal, Docket No. 19. *See id.*[1]

## I. ANALYSIS

On July 16, 2025, plaintiff filed a motion seeking a ruling on his TRO motion, a motion seeking my recusal and that of the assigned the magistrate judge, and a motion

---

[1] Because plaintiff is proceeding pro se, the Court construes his filing liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

to reassign this case within the District of Colorado, or in the alternative, outside the Tenth Circuit. Docket Nos. 13-15. On July 21, 2025, I denied plaintiff's motions. Docket Nos. 16-18. However, I referred the portion of plaintiff's recusal motion that sought the recusal of the magistrate judge to Chief Magistrate Judge Scott T. Varholak. Docket No. 16 at 6. Chief Magistrate Judge Varholak denied plaintiff's motion for recusal. Docket No. 19.

### A. The Court's July 21 Orders

Plaintiff purports to file "objections" to the July 21 orders pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *See* Docket No. 23 at 1. However, Rule 72(a) and § 636 permit plaintiff to file objections to the magistrate judge's orders, not to orders of the district court. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(a). Accordingly, there is no legal basis for plaintiff to object to my July 21 orders pursuant to Rule 72(a) or § 636(b)(1).

To the extent that plaintiff asks me to reconsider my July 21 orders, I will deny that motion. The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). In order to avoid the inefficiency that would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv-

00735-EWN-KMT, 2008 WL 4427087, at *5-*6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-*2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *See Echon v. Sackett*, No. 14-cv-03420-PAB-NYW, 2019 WL 8275344, at *2 (D. Colo. Feb. 12, 2019); *cf. Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) ("a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law"). Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

First, plaintiff asks me to reconsider my order denying plaintiff's motion requesting an "immediate ruling on his Request for Emergency Temporary Restraining Order." *See* Docket No. 23 at 2-6; Docket No. 17 at 1. I denied plaintiff's motion because he had not yet filed a TRO motion. *See* Docket No. 17 at 2. I noted that plaintiff's request for a TRO in the complaint did not comply with D.C.COLO.LCivR 7.1(d), which requires that a motion be filed as a separate document. *See id*. Plaintiff does not contest that he failed to move for a TRO in compliance with the Local Rules, but rather argues that his complaint had "Multiple Clear Indicators of TRO Motion." Docket No. 23 at 2. However, there being "clear indicators" in the complaint of plaintiff's

intention to seek a TRO does not convert his complaint to a TRO motion.  Plaintiff also contends that Fed. R. Civ. P. 65(b)(1)(A) conflicts with Local Rule 7.1(d) because Rule 65(b)(1)(A) requires that, in order to obtain a TRO, a plaintiff must provide "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  See Docket No. 23 at 3; Fed. R. Civ. P. 65(b)(1)(A).  Rule 65(b)(1)(A) and Local Rule 7.1(d) do not conflict with one another.  Rule 65(b)(1)(A) requires immediate and irreparable injury to be established through a verified complaint, while Local Rule 7.1(d) requires that a party move for a TRO in a separate motion.  See D.C.COLO.LCivR 7.1(d); Fed. R. Civ. P. 65(b)(1)(A).  Plaintiff also argues that I failed to afford his complaint a liberal construction.  See Docket No. 23 at 4.  However, "*pro se* status does not exempt [plaintiffs] from their obligations to comply with the procedural rules that govern all civil actions filed in this District, namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado."  *Burch v. Amica Mut. Ins. Co.*, No. 21-cv-03046-RM-NYW, 2022 WL 2287537, at *1 (D. Colo. May 26, 2022).  Moreover, plaintiff fails to show any prejudice from my order.  Plaintiff has since filed an amended complaint and TRO motion, *see* Docket Nos. 24, 48, and therefore there is no basis for plaintiff's argument that my order "effectively bars access to emergency constitutional relief."  See Docket No. 23 at 5.  Therefore, plaintiff fails to provide new evidence or legal authority or otherwise show that my order denying plaintiff's motion for a ruling on his TRO motion was in error.[2]

---

[2] Plaintiff argues that Magistrate Judge Gurley's order finding that this case does not appear to be appropriate for summary dismissal, Docket No. 7, "confirms the institutional recognition that Plaintiff's filing was procedurally sufficient."  See Docket No.

Second, plaintiff asks me to reconsider my order denying plaintiff's motion for recusal. *See id.* at 6-10. Plaintiff reraises his argument that there are "extraordinary circumstances mandating disqualification." *See id.* at 6. Specifically, plaintiff again claims that the fact he has filed complaints with the House Judiciary Whistleblower Committee and that I have failed to act upon "criminal complaints" filed by plaintiff are bases for recusal. *See id*. at 6-7. In plaintiff's view, I have engaged in "underlying constitutional violations" and the assignment of this case "demonstrates ongoing retaliation against protected whistleblowing activity." *See id.* at 7. Plaintiff also takes issue with my overruling of plaintiff's objection to the magistrate judge's use of the phrase "in the state court" in Case No. 23-cv-03163. *See id*. at 9. A motion for reconsideration, however, is not a means for a party to "reiterate[] the very same merits arguments he had previously raised" in his original motion. *Loya v. Garland*, 2022 WL 3210353, at *2 (10th Cir. Aug. 9, 2022) (citing *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("A motion [for reconsideration] that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind.")). Therefore, there is no basis to reconsider my recusal order.

Moreover, as I explained in the recusal order, there is "no authority suggesting that a federal judge can investigate or refer criminal cases." Docket No. 16 at 3 (internal quotation omitted). I also explained that a "party cannot force recusal merely by filing a complaint or a law suit against a judge." *Id.* at 5 (quoting *Sump v. Fingerhut, Inc.*, 2002

---

23 at 5. However, Judge Gurley made no finding regarding plaintiff's TRO motion or whether plaintiff properly moved for a TRO. Rather, pursuant to D.C.COLO.LCivR 8.1(a), Judge Gurley merely found that plaintiff, as "a party who is allowed to proceed without prepayment of filing fees," had filed a case that should not be "dismissed summarily."

WL 1602423, at *2 (D. Kan. July 19, 2002)); *see also In re Winslow*, 107 B.R. 752, 753 (D. Colo. 1989) ("The filing of a complaint with the Judicial Council is not grounds for disqualification."). I found that the magistrate judge's reference to plaintiff's state cases did not reveal a high degree of favoritism or antagonism that supported recusal, but was rather a liberal construction of unclear statements in plaintiff's complaint. *See* Docket No. 16 at 4. Plaintiff speculates that this finding constitutes a "desperate rationalization that contradicts the crystal-clear language of Plaintiff's underlying complaints," but fails to show that the reference to his state cases evinces bias. *See* Docket No. 23 at 9. However, plaintiff fails to identify new evidence or legal authority that shows my denial of his recusal motion was in error.

Third, plaintiff asks me to reconsider my order denying plaintiff's motion to transfer this case to another court. *See id.* at 10-12. In plaintiff's motion to transfer, he requested reassignment "within the District of Colorado to an impartial judge rather than traditional § 1404(a) transfer." *See id.* at 11. As I explained in my order, § 1404(a) does not provide a basis for reassignment within the district, and plaintiff fails to identify another legal basis to do so. *See* Docket No. 18 at 2-3. As explained above, an alleged "Congressional Investigation" of plaintiff's unsupported allegations of "underlying constitutional violations" and "institutional retaliation" are not bases for recusal and reassignment of this case. *See* Docket No. 23 at 10. Plaintiff fails to provide new evidence or legal authority showing that § 1404(a) permits me to transfer this case within the district. Instead, he merely reiterates the arguments in his original motion.

Plaintiff also argues that I should reconsider my order because it "failed to address Plaintiff's alternative request for referral to the Chief Judge of the Tenth Circuit

for administrative review under 28 U.S.C. § 351." *Id.* at 11.  In his motion to transfer, plaintiff requested "[c]ertification to the Tenth Circuit or the Judicial Conference for administrative reassignment or transfer outside the circuit, as contemplated in rare, extraordinary cases."  *See* Docket No. 14 at 6.  I found that plaintiff failed to "cite legal authority that supports this proposition" and that the cases plaintiff cited did "not support the proposition that an 'extraordinary showing' would permit this action to be transferred to a district where it otherwise could not have been brought, absent the consent of the parties."  Docket No. 18 at 3 & n.3.  Furthermore, in his original motion, plaintiff did not argue that § 351 permits reassignment outside the circuit.  Motions for reconsideration are generally inappropriate vehicles to advance new arguments which were available at the time of the original motion.  *See Servants of the Paraclete*, 204 F.3d at 1012.  In any event, § 351 does not provide a legal basis for me to reassign this case.  Rather, § 351 permits a party to file complaints alleging that a judge "engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts . . . with the clerk of the court of appeals for the circuit."  28 U.S.C. § 351(a).  Accordingly, plaintiff fails to identify a basis for me to reconsider my order denying plaintiff's motion to transfer this case to another court.

### B. The Magistrate Judge's Recusal Order

Plaintiff objects to the magistrate judge's recusal order on the basis that the order "falsely characterizes recusal demands as based on 'previous adverse rulings' while ignoring extraordinary circumstances mandating recusal."  *See* Docket No. 23 at 12-13.  The district court reviews a magistrate judge's order on a non-dispositive motion under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ.

7

P. 72(a).  Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently.  *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).  The clearly erroneous standard requires a district court to affirm a magistrate judge's decision unless, "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).  "Under the 'contrary to law' standard, the reviewing court sets aside the magistrate order only if it applied an incorrect standard or applied the appropriate legal standard incorrectly."  *Swan Glob. Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2019 WL 2171457, at *3 (D. Colo. May 17, 2019) (internal quotations, alterations, and citations omitted).  A recusal order is a non-dispositive matter.  *See Nelson v. Mayorkas*, No. 23-cv-00100-NYW-SBP, 2023 WL 6390480, at *2 (D. Colo. Oct. 2, 2023).  Therefore, I will review the magistrate judge's order, Docket No. 19, under the clearly erroneous or contrary to law standard.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Plaintiff fails to show that the magistrate judge's order was clearly erroneous or contrary to law.  Plaintiff moved for the recusal of the magistrate judge on the same bases upon which he sought my recusal.  *See* Docket No. 13.  As discussed in my July 21 recusal order and regarding plaintiff's "objections" to my recusal order, he fails to identify a basis for recusal.  Because I am not "left with the definite and firm conviction that a mistake has been committed," *see Ocelot Oil Corp.*, 847 F.2d at 1464, I will overrule plaintiff's objection to the magistrate judge's recusal order.

## II.  CONCLUSION

Therefore, it is

**ORDERED** that the portion of plaintiff's motion [Docket No. 23] requesting reconsideration of my orders Docket Nos. 16-18 is **DENIED**.  It is further

**ORDERED** that the portion of plaintiff's motion [Docket No. 23] objecting to the magistrate judge's order denying plaintiff's motion for recusal is **OVERRULED**.

DATED November 7, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

9